

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Firemen's Pension Commission
P. O. Box 1062
Austin, Texas

Dear Sir:

Opinion No. 0-6493
Re: Construction of Sections
7 and 21 of Article 6243e,
Revised Civil Statutes.

Your request for an opinion from this department reads in part as follows:

"...

"The last sentence in Section 21, Article 6243-E, V.R.C.S., 1925, as amended, reads:

"'Any fireman joining any regularly organized fire department coming within the provisions of this Act after the effective date hereof shall not be entitled to benefits hereunder until he shall have served one year continuously.'

"In view of the above provision, if a fireman takes a leave of absence from his fire department, and returns to the fire department in accordance with his leave, would he be considered a new man and consequently have to remain in the fire department one year following his return to the department before the Board may grant him benefits?

"If a city or fire department requires a physical examination of all firemen upon entering the service as a fireman and the city physician makes the examination and finds that the applicant is physically fit except that he was having some respiration trouble due probably to hay

fever or dust; the applicant is duly appointed and enrolled and serves for more than one year in the department; would he be eligible for disability benefits if later he became disabled from the flue and/or bronchitis if it is shown that they were contracted in consequence of the performance of his duty as a fireman?"

The term "leave of absence" is not defined in the Act and we must therefore resort to the generally accepted meaning of this term. It is defined in Webster's New International Dictionary as: "Permission to be absent."

As we view Section 21 of Article 6243e, it simply means that before any fireman may be eligible for benefits under this Act, he must have actually served one year continuously. If a fireman served one year continuously and accepts a leave of absence, he would be entitled to benefits on his return to duty, since he has never severed his connection with the department but has only been absent by permission. If at the time he accepted a leave of absence he had not served one year continuously as provided by the Act, he would be required to do so on his return to duty since he would not be considered as serving during his absence.

Section 7 of Article 6243e provides:

"Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State, now within, or that may hereafter come within the provisions of this Act, shall become physically or mentally disabled while in and/or in consequence of the performance of his duty, said Board of Trustees may, upon his request, or without such request if it shall deem proper and for the good of the department, retire such person from active service either upon total or partial disability as the case may warrant and shall order that he be paid from such Fund, (a) if for total disability, an amount equal to one-half the average monthly

Honorable Bayne Satterfield, page 3

salary of such fireman, not to exceed the sum of
One Hundred Dollars ($100) per month; provided that
if such average monthly salary be Fifty Dollars
($50) or less per month, or if he be a volunteer
fireman with no salary, the amount so ordered paid
shall not be less than Twenty-five Dollars ($25)
per month; such average monthly salary to be based
on the month average of his salary for the five
(5) year period, or so much thereof as he may have
served, preceding the date of such retirement;
or, (b) if the disability be less than total, then
such sum as in the judgment of the Board of Trus-
tees may be proper and commensurate with the de-
gree of disability; provided further, that if and
when such disability shall cease, such retirement
or disability allowance shall be discontinued and
such person shall be restored to active service
at not less than the same salary he received at
the time of his retirement for disability." (Under-
scoring ours)

In answer to your second question, it is our opin-
ion that the applicant would be eligible for disability bene-
fits if he became disabled from any cause, if it is shown that
he became disabled when in and/or in consequence of perform-
ance of his duty. The fact that he has previously been exam-
ined by the examining physician who found evidence of respira-
tory trouble would have no bearing on his eligibility if he was
accepted for service after such examination. The only test
contained in this statute is whether or not he became dis-
abled, "while in and/or in consequence of the performance of
his duty."

Trusting this fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By H. T. Bob Donahue

H. T. Bob Donahue
Assistant

HTBD:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN